UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES ex rel. RICHARD RICKS, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>MENLO WORLDWIDE GOVERNMENT SERVICES, LLC, et al.,<br><br>        Defendants. | No. 2:13-cv-00539-KJM-AC<br><br>ORDER |

On April 23, 2016, the United States gave notice that it had decided to intervene in this *qui tam* action under the False Claims Act (FCA). ECF No. 30. The parties intend to file a joint stipulation of dismissal consistent with their settlement agreement, which addresses the relators' claims under the FCA, but not other matters, which will remain pending. *See id.* The United States requests that the relators' first amended complaint and the United States' notice of intervention be unsealed, but that other previously filed documents remain under seal. *Id.* These documents include, for example, the relators' original complaint, and the United States' requests for extensions of time to decide whether to intervene, and the declarations and other materials submitted in support of those requests.

The FCA provides that a *qui tam* action must be filed under seal while the United States decides whether to intervene, *see* 31 U.S.C. § 3730(b)(2), but it clearly contemplates that after the United States makes a decision, the seal will be lifted, *see id.* § 3730(b)(3); *U.S.* ex rel. *Lee v. Horizon W., Inc.*, No. 00-2921, 2006 WL 305966, at *2 (N.D. Cal. Feb. 8, 2006). Generally, the seal will be lifted entirely "unless the government shows that such disclosure would: (1) reveal confidential investigative methods or techniques; (2) jeopardize an ongoing investigation; or (3) harm non-parties." *Id.* "[I]f the documents simply describe routine or general investigative procedures, without implicating specific people or providing substantive details, then the Government may not resist disclosure." *Id.*; *see also United States v. CACI Int'l. Inc.*, 885 F. Supp. 80, 83 (S.D.N.Y. 1995). The FCA "evinces no specific intent to permit or deny disclosure of *in camera* material as a case proceeds." *U.S.* ex rel. *Mikes v. Straus*, 846 F. Supp. 21, 23 (S.D.N.Y. 1994). Rather, it "invests the court with authority to preserve secrecy of such items or make them available to the parties." *Id.* Overall, the court's decision must also account for the fundamental principle that court records are generally open to the public. *U.S. ex rel. Costa v. Baker & Taylor, Inc.*, 955 F. Supp. 1188, 1191 (N.D. Cal. 1997).

Here, the United States' request to maintain the seal rests on its argument that previous filings were "provided by law to the Court alone for the sole purpose of evaluating whether the seal and time for making an election to intervene should be extended." Notice at 2. This explanation does not assure the court that a seal is necessary to maintain the confidentiality of "investigative methods or techniques," to protect ongoing investigations, to protect others who are not a part of this litigation, or for another reason.

The court therefore orders as follows:

(1) This action is UNSEALED;

(2) The first amended complaint, ECF No. 29, and the United States' notice of intervention, ECF No. 30, are UNSEALED;

(3) All other previous filings remain under TEMPORARY SEAL pending further order of this court; and

(4) Within fourteen days, any party may SHOW CAUSE why the previous filings in this action should remain under seal.

IT IS SO ORDERED.

DATED: May 2, 2016.

_____
UNITED STATES DISTRICT JUDGE