UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES ex rel. RICHARD RICKS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MENLO WORLDWIDE GOVERNMENT SERVICES, LLC, et al., <br><br> Defendants. | No. 2:13-cv-00539-KJM-AC <br><br><br> ORDER |

On April 23, 2016, the United States gave notice that it had decided to intervene in this *qui tam* action under the False Claims Act (FCA), 31 U.S.C. §§ 3729 *et seq.* ECF No. 30. On May 3, 2016, this court, in reviewing the notice of intervention, ordered that the action be unsealed, that the first amended complaint (ECF No. 29) and the United States' notice of intervention (ECF No. 30) be unsealed, and that all other previous filings remain under temporary seal pending further order. ECF No. 31. The court ordered any party to show cause why the previous filings, which included the original complaint, several requests for extensions of time for the United States to decide whether to intervene, and declarations and other materials submitted in support of those requests, should remain under seal. *Id.* On May 17, 2016, the United States responded to the court's order, requesting that the extension requests remain under seal. ECF

1

No. 35.  As explained below, this court DENIES the United States' request to retain the seal over the extension requests and LIFTS the temporary seal over the previous filings.

I.     LEGAL STANDARD

The court provided the applicable legal standard in its May 3, 2016 order.  ECF No. 31.  The FCA provides that a *qui tam* action must be filed under seal while the United States decides whether to intervene, *see* 31 U.S.C. § 3730(b)(2), but it clearly contemplates that after the United States makes a decision, the seal will be lifted, *see id.* § 3730(b)(3); *U.S. ex rel. Lee v. Horizon W., Inc.*, No. 00-2921, 2006 WL 305966, at *2 (N.D. Cal. Feb. 8, 2006).  Generally, the seal will be lifted entirely "unless the government shows that such disclosure would: (1) reveal confidential investigative methods or techniques; (2) jeopardize an ongoing investigation; or (3) harm non-parties."  *Id.*  "[I]f the documents simply describe routine or general investigative procedures, without implicating specific people or providing substantive details, then the Government may not resist disclosure."  *Id.*; *see also United States v. CACI Int'l Inc.*, 885 F. Supp. 80, 83 (S.D.N.Y. 1995).  The FCA "evinces no specific intent to permit or deny disclosure of *in camera* material as a case proceeds."  *U.S. ex rel. Mikes v. Straus*, 846 F. Supp. 21, 23 (S.D.N.Y. 1994).  Rather, it "invests the court with authority to preserve secrecy of such items or make them available to the parties."  *Id.*  Overall, the court's decision must also account for the fundamental principle that court records are generally open to the public.  *U.S. ex rel. Costa v. Baker & Taylor, Inc.*, 955 F. Supp. 1188, 1191 (N.D. Cal. 1997).

II.    DISCUSSION

Here, the United States provides several reasons to retain the seal over its seal extension requests:

> First, the federal False Claims Act expressly provides for the unsealing of a Relator's complaint only—not the entire docket—when the United States makes an intervention decision.  Second, revealing the contents of the government's requests to extend the seal would give future defendants a window into confidential government fraud investigations and could weaken the government's antifraud efforts . . . .  Third, unsealing the requests could cause harm.  Fourth, lifting the seal creates a "Catch-22" for the government that could limit its ability to provide the Court detailed information regarding the progress of the government's investigation in connection with requests to extend the seal.

> Finally, no party has requested these documents be unsealed or argued any legitimate need exists for their disclosure.

ECF No. 35 at 1.

With respect to the first and fifth reasons, the court declines to reconsider its previous interpretation of the applicable legal standard articulated in its May 3, 2016 order. Although it is true the FCA does not explicitly reference the unsealing of any documents filed with the court except the complaint, the FCA also does not expressly preclude the court's determining the propriety of lifting the seal on other documents. *U.S. ex rel. Erickson*, 339 F. Supp. 2d at 1126. It is within the court's authority to determine if the seal should be lifted in part or in whole. *See U.S. ex rel. Lee v. Horizon Wests, Inc.*, 2006 WL 305966, at *2.

The court is also not persuaded by the second reason. The United States argues the requests for extension reveal "specific, confidential information regarding the investigation," such as "a description of meetings, discussion methods and [the] investigatory plan going forward." ECF No. 35 at 4–5. But a careful *in camera* examination of the extension requests shows that they merely describe routine investigative procedures, without implicating specific people or providing substantive details. In discussing the reasons an extension was warranted, the United States provided a general description of the nature and status of requests made to further its investigation. *See, e.g.*, ECF No. 24. Although the November 23, 2015 request to extend the seal detailed slightly more specific categories of information and documents being requested, such as "information concern[ing] the contract at issue, corporate knowledge, and thousands of claims under different contract provisions," *id.* at 2, it did not disclose any confidential information, investigative techniques, or attorney thought processes. Thus, this situation is analogous to the one described in *United States v. CACI*, in which the court denied a request to retain extension requests under seal because the requests did not provide any substantive details about the investigation. 885 F. Supp. at 83.

Similarly, with respect to the third reason, it is not clear how disclosure of the remaining court documents would be harmful. The United States speculates that unsealing the requests would generally interfere with the government's anti-fraud efforts, but does not describe

3

any specific, concrete harm that would follow any unsealing.  Asserting speculative and general harms, without more, does not satisfy the required showing that disclosure would reveal confidential investigative methods or techniques, jeopardize an ongoing investigation, or harm non-parties.  *See U.S. ex rel. Lee v. Horizon Wests, Inc.*, 2006 WL 305966, at *2.

Finally, the fourth "catch-22" argument is unavailing.  If, as appears to be the case here, the United States erred on the side of withholding details in the event its sealing request was denied, then those details will not be disclosed upon unsealing.

III.  <u>CONCLUSION</u>

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.  The United States' request to retain the seal on the extension requests is DENIED.
2.  The temporary seal on the previous filings is LIFTED.

IT IS SO ORDERED.

DATED: June 9, 2016

_____
UNITED STATES DISTRICT JUDGE